UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | CRIMINAL ACTION NO. | |
| VS. | ) | | |
| | ) | 3:07-CR-215-G | |
| LESLIE WAYNE DAVIS, | ) | | |
| | ) | **ECF** | |
| Defendant. | ) | | |

### MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant, Leslie Wayne Davis ("the defendant" or "Davis"), to dismiss the indictment. For the reasons set forth below, the motion is denied.

### I. BACKGROUND

The defendant is charged with two counts in the indictment. Count One charges Davis with violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) by knowingly possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year. *See* Indictment at 1. Count Two charges Davis with violating 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), thus

requiring the forfeiture of any firearm and ammunition involved in the commission of the offense charged in Count One. *Id.* at 2.

On June 12, 2007, ATF agents executed a search warrant at Davis' residence and recovered several weapons. *See* Government's Response at 1. Davis has been convicted of five felonies, with the most recent conviction occurring on November 24, 1992. On that date Davis was convicted of theft over $750.00 and possession of a prohibited substance in a correctional institution. Davis received sentences of ten and eight years respectively in the TDC. *Id.* at 1-2. On June 2, 2002, the defendant was released from parole on the Texas felony convictions. *See* Motion to Dismiss at 3. The defendant argues that Count One of the indictment should be dismissed because the defendant is not a "convicted felon" for purposes of 18 U.S.C. § 922(g)(1). *See* Motion to Dismiss at 1.

## II.  ANALYSIS

### A.  Motion to Dismiss

The defendant's motion to dismiss turns on whether his civil rights have been "restored" under 18 U.S.C. § 921(a)(20), thus excluding his past felony convictions from being used to charge him under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Fifth Circuit has held that the defendant bears the burden of proof "on any claim that the conviction ha[s] been expunged or set aside or that he ha[s] been pardoned for it, or has had his civil rights affirmatively restored." *United States v. Huff*, 370 F.3d 454,

459 (5th Cir. 2004). It is also established that states can restore the rights of convicted felons so that they are "considered not to have been convicted for purposes of [18 U.S.C.] sections 922(g) and 922(e)." *Id.* The Texas Penal Code provides:

> (a) A person who has been convicted of a felony commits an offense if he possesses a firearm:
>
>> (1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or
>>
>> (2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.

TEX. PENAL CODE ANN. § 46.04(a)(1) (Vernon Supp. 2004). The government does not contend that the indictment was brought within the five-year period described in the statute, or that Davis possessed a firearm at any place other than his home. Therefore, the sole issue before the Court is whether TEX. PENAL CODE ANN. § 46.04(a)(1) is sufficient to restore the defendant's civil rights under 18 U.S.C. § 921(a)(20).

*Huff* informs the court that "since Texas law contain[s] no provision which . . . provide[s] a generalized restoration of all or essentially all of a felon's civil rights, we . . . look to whether under Texas law a convicted felon could exercise the three civil

rights considered key by the Ninth and Sixth Circuits -- the rights to vote, hold public office, and serve on a jury." 370 F.3d at 460 (internal quotation marks omitted).

The defendant correctly points out that his right to vote has been restored under Texas law. *See* Motion to Dismiss at 3 (noting the application of TEX. ELEC. CODE ANN. § 11.002(4)(A) (Vernon 2003)). However, the defendant's rights to hold public office and serve on a jury have not yet been restored. *See* Government's Response at 4-5; TEX. ELEC. CODE ANN. § 141.001(a)(4) (Vernon 2003) (prohibiting convicted felons from running for public office); TEX. GOV'T CODE ANN. § 62.102(7) (Vernon 2005) (barring convicted felons from petit jury service). Under *Huff*, all three civil rights must be restored, and, consequently, because the defendant's convictions do not fall within the exemption provided by § 921(a)(20), the indictment charges Davis with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

### III.  CONCLUSION

For the reasons stated above, the defendant's motion to dismiss the indictment is **DENIED**.

**SO ORDERED**.

December 4, 2007.

_____
**A. JOE FISH**
**Senior United States District Judge**