UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION NO. |
| VS. | ) | |
| | ) | 3:07-CR-215-G |
| LESLIE WAYNE DAVIS, | ) | |
| | ) | **ECF** |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendant, Leslie Wayne Davis ("the defendant" or "Davis"), to suppress evidence. For the reasons set forth below, the motion to suppress is denied.

I. BACKGROUND

On June 8, 2007, special agent Brent W. Gresham ("Gresham") of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") obtained a federal search warrant, signed by United States Magistrate Judge Irma C. Ramirez, to search the defendant's residence for firearms, explosives, and related evidence. *See* Memorandum in Support of Motion to Suppress ("Defendant's Memorandum") at 4;

Government's Reponse to Defendant's Motion to Suppress ("Response") at 1.  On June 12, 2007, ATF agents executed the search warrant and discovered firearms inside Davis's residence.  *See* Response at 1.  Following the seizure of firearms and ammunition, Davis was questioned and made incriminating statements regarding his possession of firearms.  Defendant's Memorandum at 4.  On July 10, 2007, Davis, a previously convicted felon, was charged with being a felon in possession of a firearm in contravention of 18 U.S.C. §§ 922(g)(1).  *See* Indictment at 1.

The defendant, in his motion to suppress, claims that the search warrant was invalid under the Fourth Amendment because it was not supported by probable cause and because the good-faith exception is not applicable.  *See generally* Defendant's Memorandum.  Additionally, the defendant makes the serious allegation that the signature of the magistrate judge on the warrant "appears to be a forgery, thus rendering it invalid."[*]  Defendant's Motion to Suppress at 1.

Specifically, Davis argues that the information contained in the affidavit, based on confidential, unidentified, and uncorroborated sources of information ("SOIs"), renders the affidavit insufficient under *Illinois v. Gates*, 462 U.S. 213, 239 (1983).

---

[*] The defendant, however, fails to include any evidence to substantiate his assertion that Magistrate Judge Ramirez's signature is not genuine.  Instead, Davis suggests that his "handwriting expert" has concluded the signature is a forgery, and is "willing to appear at a hearing" to present evidence on his findings.  Defendant's Memorandum at 4.  The court is not inclined to hold such a hearing if the defendant is unwilling to do more than allude to a "clearly convinced" mystery expert, although the prospect of a handwriting expert presenting demonstrative evidence on the subject is intriguing -- especially with Judge Ramirez present in the courtroom.

The defendant notes that "neither of the informants was identified," only that SOI #1 was "deemed to be credible and reliable" after contacting the Ellis County Sheriff's Office concerning narcotics activity in the area "corroborated by information already known." *See* Defendant's Memorandum at 6 (quoting Affidavit of Brent W. Gresham ("Gresham Affidavit"), *attached to* Response at 22-23). Additionally, Davis maintains that SOI #1 provided "stale" information. *Id.* at 7-8. Davis then contends that the information provided by SOI #2 undermines the information provided by SOI #1, rendering reliance on SOI #1's information inappropriate. *See* Defendant's Motion at 8.

## II. ANALYSIS

The court finds that the facts set forth in the affidavit supporting the search warrant established probable cause under the totality of the circumstances. In *United States v. Leon*, 468 U.S. 897, 922-23 (1984), the Supreme Court held that evidence need not be suppressed when police obtained it through objective good-faith reliance on a facially valid warrant that is later found to be invalid because of insufficient probable cause. Such was the case here. The warrant was signed by a United States Magistrate Judge, and the search was executed by officers in good-faith reliance on a facially valid warrant.

Davis argues that the evidence should be suppressed because the good faith exception to the exclusionary rule does not apply, as the affidavit upon which the

search warrant was based did not provide a basis for the magistrate to find there was probable cause to issue the warrant. *See* Defendant's Memorandum at 9-10 (citing *United States v. Leon*, 468 U.S. at 923, for the four circumstances where the good-faith exception is not available). The court disagrees. The affidavit presented to Magistrate Judge Ramirez was not so "bare bones" as to render belief in probable cause unreasonable. The 12-page affidavit identifies with specificity the evidence sought, the place where it was observed, the person possessing the evidence, all of which were observed by two informants close to the time the warrant was issued. Gresham Affidavit ¶¶ 1-7. The defendant's assertion that the sources of information were insufficient or unreliable does not make that so. According to agent Gresham, SOI #1 had provided reliable information in the past, which justifies a belief that the information offered in the instant case was reliable. Response at 8; see *United States v. Hall*, 545 F.2d 1008, 1009 (5th Cir. 1977) (quoting *United States v. Tucker*, 526 F.2d 279, 281 (5th Cir. 1976) (holding that "an explicit claim of past reliability" can establish the credibility of an informant). Additionally, even if it is assumed that the "rocket launcher" obtained by SOI #2 was the same "rocket launcher" observed by SOI #1, SOI #2 still provided information that Davis possessed a double-barrel shotgun. Gresham Affidavit ¶ 6. Agent Gresham's belief, based on the information set forth in the affidavit, and predicated on his years of experience, supports a finding

of probable cause in the affidavit so as to invoke the good-faith exception to the exclusionary rule.

III. CONCLUSION

The defendant has presented no evidence that the good faith exception to the exclusionary rule does not apply or that the magistrate lacked probable cause to issue the search warrant. Consequently, the defendant's motion to suppress evidence is **DENIED**.

**SO ORDERED**.

April 1, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**